UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/1/2023
```

MRINALINI, INC., a Delaware Corporation,

                  Plaintiff,

-against-

VALENTINO S.p.A., an Italian Corporation and VALENTINO U.S.A., INC., a Delaware Corporation,

                  Defendants.

1:22-cv-2453 (MKV)

**ORDER GRANTING
MOTION TO SEAL**

MARY KAY VYSKOCIL, United States District Judge:

    Mrinalini, Inc. ("Mrinalini") has sued Valentino S.p.A. and Valentino U.S.A, Inc. (together, "Valentino"), alleging that Valentino repeatedly stole its copyrighted fashion designs and misappropriated the unique stitching technique that Mrinalini had developed. Around the same time that this action commenced, Valentino S.p.A. initiated an arbitration in Italy which concerned similar (but not identical) claims to those that were brought in this case. Mrinalini has moved to enjoin the Italian arbitration [ECF No. 33], while Valentino has moved to dismiss this case or, in the alternative, compel arbitration [ECF No. 46].

    In connection with those motions, Valentino has filed an unopposed motion to seal two documents: (1) a partially redacted summary identifying procedural developments in the Italian arbitration [ECF No. 52-1, 57-1]; and (2) a letter in which Valentino addresses those developments and their supposed impact on this case [ECF No. 52, 57].

    In determining whether to grant a motion to seal, a key consideration is where the sealed document lands "on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted). The

1

documents at issue here are largely irrelevant. The motions to compel and to enjoin arbitration both come down to one thing: arbitrability. The arbitrator's ruling on arbitrability, which is the main development highlighted by Valentino, has no bearing on this Court's independent analysis of that issue. After all, if arbitrability is to be decided by the Court, then the arbitrator's opinion makes no difference; and if arbitrability is to be decided by the arbitrator, then this Court does not get a say in the matter. So, while these documents need not have been filed in the first place, their irrelevance is enough to grant the motion that the filing be made under seal.

The Clerk of Court respectfully is requested to file the aforementioned documents under seal and close the Motion at ECF No. 55.

**SO ORDERED.**

**Date:  March 1, 2023**
    **New York, NY**

                                                            _____
                                                            **MARY KAY VYSKOCIL**
                                                            **United States District Judge**