USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/6/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MRINALINI, INC., a Delaware Corporation,

Plaintiff,

-against-

VALENTINO S.p.A., an Italian Corporation and VALENTINO U.S.A., INC., a Delaware Corporation,

Defendants.

---

1:22-cv-2453 (MKV)

ORDER DENYING
MOTION FOR RECONSIDERATION

MARY KAY VYSKOCIL, United States District Judge:

On March 1, 2023, the Court issued an Opinion and Order denying Plaintiff's motion to enjoin an arbitration and granting Defendants' motion to compel arbitration and stay the case. [ECF No. 60] ("Op."). Plaintiff now moves for reconsideration of that decision.

Reconsideration of an opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scare judicial resources." *Schansman v. Sberbank of Russia PJSC*, No. 19-cv-2985, 2022 WL 4813472, at *1 (S.D.N.Y. Sept. 30, 2022) (citation omitted). The standard must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Girl Scouts of the U.S.A. v. Boy Scouts of America*, No. 18-cv-10287, 2020 WL 6323130, at *1 (S.D.N.Y. Oct. 28, 2020) (citation omitted). "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

Plaintiff's motion has no merit. Plaintiff argues that the Court's decision must be reconsidered because it overlooked that the definition of the term "Agreement" includes not only

the General Purchasing Conditions (which was produced in connection with this case), but also any purchase orders (which were not produced). Plaintiff claims that without these purchase orders the Court could not decide whether the relevant disputes were "connected to the Agreement" and, thus, whether the disputes were arbitrable. This argument is misguided. The Court did not determine whether the relevant disputes were connected to the Agreement. It concluded only that the question of arbitrability—*i.e.*, the question of whether those disputes are connected to the Agreement—is one for the arbitrator, not the Court. Plaintiff identifies no error in that judgment.

Plaintiff also claims that the Court erred by compelling arbitration outside of the District—that is, in Italy. But the Court addressed this argument in its Opinion, explaining that it was compelling arbitration pursuant to the terms of the Purchasing Agreement, which did not require that the arbitration occur in any particular place. Op. at 9 n.6. It is true, of course, that there was an ongoing arbitration in Italy. But the Court did not compel *that* arbitration, which had commenced prior to the filing of this action. It merely declined to enjoin the arbitration—a decision which Plaintiff does not challenge and which the Federal Arbitration Act does not preclude. In any event, the Italian arbitration has already concluded, Plaintiff fully participated in those proceedings, and, as a result, that issue is now moot.

Finally, Plaintiff argues in its reply brief that the arbitrator's decision finding the dispute to be arbitrable qualifies as new evidence that justifies reconsideration. In support of this argument, Plaintiff simply attempts to explain the arbitrator's ruling with respect to arbitrability and point out errors in that decision. But that does not qualify as new evidence that bears upon the Court's initial determination that the issue of arbitrability properly was to be decided by the arbitrator, rather than the Court. If the arbitrator erred in its conclusion that the dispute was arbitrable, Plaintiff has whatever remedies exist at law. But Plaintiff, through its motion for reconsideration, has sought redress in the wrong venue and from the wrong decisionmaker.

Reconsideration of an opinion of the Court is an extraordinary remedy in part because of the need to preserve scarce judicial resources. Plaintiff's motion abuses those resources. That abuse may be worth the while for counsel getting paid for the effort. But the client footing the bill gains no ground. The motion for reconsideration is denied.[1]

The Clerk of Court respectfully is requested to close the Motion at ECF No. 62.

**SO ORDERED.**

Date:   June 6, 2023              MARY KAY VYSKOCIL
        New York, NY              United States District Judge

---

[1] In its reply brief, Plaintiff also asks the Court to "stay all further arbitration-related proceedings," [ECF No. 65] ("Reply Br.") at 5-6, which presumably refers to the petition to confirm the arbitration award which Valentino S.p.A. filed in a different (albeit related) action. *See Valentino S.p.A. v. Mrinalini, Inc.*, 23-cv-2319. That request is improperly made on a motion for reconsideration in this action and, as a result, will not be considered. If Plaintiff wants to seek a stay of the separate action, it must do so on its own motion in that case.